UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRYAN S. BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-CV-514-DCLC-DCP |
| | ) |
| TENNESSEE DEPARTMENT OF CORRECTION, CENTURION OF TENNESSEE, and BRIAN ELLERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, filed a complaint for violation of 42 U.S.C. § 1983 asserting that he has spinal and nerve damage due to an attack on him by another inmate, it took about seven months for him to receive an MRI despite an "exp[e]dited request," and medical staff only provide him Tylenol despite having the option to give him a different medication that helps with nerve pain [Doc. 2, p. 4–5], to which he attached a number of medical records [Docs. 2-1–3]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a motion for appointment of counsel [Doc. 6]. For the reasons set forth below, Plaintiff's motion to appoint counsel [Doc. 6] will be **DENIED**, his motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and this action will be dismissed.

### I. FILING FEE

It is apparent from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he cannot pay the filing fee in a lump sum. Accordingly, this motion [*Id.*] is **GRANTED**.[1]

---

[1] As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Blevins v. Tenn. Dep't Corr., et al.*, No. 3:22-CV-118 [Docs. 4, 5] (E.D. Tenn. April 6, 2022); *Blevins v. Ellers, et al.*, 3:24-CV-111 [Docs. 12, 13]

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 300, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate account; or (b) twenty percent (20%) of the average monthly balance in his inmate account for the six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1)(A) and (B).  Thereafter, the custodian of is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of counsel because (1) he has severe nerve damage and could become paralyzed; (2) he needs neurosurgery and does not know how long it will take him to recover from surgery; (3) he will be transferred to a special needs facility after the surgery; and (4) he is incarcerated [Doc. 5 p. 1–2].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege

---

(E.D. Tenn. June 11, 2024); *Blevins v. White*, 3:25-CV-35 [Docs. 7, 8] (E.D. Tenn. Feb. 21, 2025). Thus, the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), applies to him.  Nevertheless, as Plaintiff arguably asserts that he is in imminent danger of serious physical injury in his complaint, the Court will allow him to proceed *in forma pauperis* herein.  *Id.*

2

Case 3:25-cv-00514-DCLC-DCP  Document 6  Filed 10/27/25  Page 2 of 6  PageID #: 168

justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth above, Plaintiff's complaint alleges that he has been denied a timely MRI and a specific medication, which are routine prisoner claims that are not factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims. Additionally, prisoner litigants are routinely transferred to different facilities.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel [*Id.*] is **DENIED**.

### III.  COMPLAINT SCREENING

#### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint

3

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

As set forth above, in his complaint, Plaintiff asserts that he has spinal and nerve damage due to an attack on him by another inmate, it took approximately seven months for him to receive an MRI despite an "exp[e]dited request," and medical staff only provide him Tylenol despite having the option to give him a medication that helps with nerve pain [Doc. 2, p. 4–5]. Plaintiff has sued the Tennessee Department of Correction, Centurion, and Warden Brian Eller [*Id.* at 1, 3], and he requests Ten Million Dollars in damages [*Id.* at 6].

### C. Analysis

First, while Plaintiff has sued the TDOC, his claims against this entity are against the State of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). But "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding TDOC is not a "person" within meaning of § 1983). As such, Plaintiff's claims against

the TDOC fail to state a claim upon which relief may be granted under § 1983, and this Defendant is **DISMISSED**.

As to Plaintiff's claim(s) against Defendant Centurion, to prevail on a § 1983 claim against this entity, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). A plaintiff may show "an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). In a notice he filed with his complaint, Plaintiff claims that he has shown in his complaint that Defendant Centurion has "a 'policy or custom' . . . to not give needed medicine" [Doc. 2 p. 13]. However, Plaintiff's complaint does not include any facts from which the Court can plausibly infer that any denial of a specific medicine to him or any delay regarding his medical care was due to Defendant Centurion's custom or policy, rather than independent acts of medical and/or prison staff. As such, this Defendant is **DISMISSED**.

As to Defendant Warden Eller, this Defendant cannot be held liable under §1983 based solely on his supervisory position. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). And Plaintiff provides no facts to support a plausible inference that this Defendant was personally involved in, authorized, approved, or acquiesced to any violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were

personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted). As such, this Defendant is also **DISMISSED**.

Accordingly, the complaint fails to state a plausible claim for relief under § 1983 as to any Defendant, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

5. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

                        s/Clifton L. Corker
                        United States District Judge